IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMOD-KHALIL ROHN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 05-1584 |
| | ) |
| v. | ) Judge Hardiman |
| | ) Magistrate Judge Caiazza |
| DR. JEFFREY A. BEARD, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Plaintiff's Motion for Summary Judgment (Doc. 22) be denied and that the Defendants' Motion for Summary Judgment (Doc. 26) be granted because the Plaintiff, Jamod-Khalil Rohn, failed to exhaust his administrative remedies.

### II. REPORT

The Plaintiff, Jamod-Khalil Rohn ("Rohn" or "the Plaintiff"), is a state inmate confined at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania ("SCI-Fayette"). Rohn commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that prison officials seized from his cell a copy of Title 13 of the United States Code as well as the Uniform Commercial Code and "related legal materials". (Doc. 6, at 3). He has filed a Motion for Summary Judgment. (Doc. 22). The Defendants responded, (Doc. 27), arguing that Rohn failed to exhaust the available administrative

procedures with respect to his seizure claims; the Defendants also argue that the materials seized from Rohn are "UCC redemption publications, UCC forms and tax forms that are used by inmates to file fraudulent documents culminating in bogus UCC liens". (Doc. 27, at 1).

The Defendants have filed a Cross-Motion for Summary Judgment. (Doc. 26). They argue, *inter alia*, that judgment should be entered in their favor because: (1) Rohn filed an initial grievance on July 25, 2005, which was denied on August 12, 2005, and he failed to appeal the adverse grievance result; (2) Rohn filed a second grievance on August 23, 2005, which was denied because the issue he raised was addressed in his prior grievance; and (3) Rohn procedurally defaulted his claims during the grievance process by failing to name any of the individual Defendants in his grievances. Rohn has responded, (Doc. 31), and concedes that he did not pursue either of his two grievances through final review; instead Rohn argues that he:

> did not pursue any further after second grievance, dated on August 23, 2005, because of self preservation and fear of loss of life; plaintiff not being able to prevent Defendants' Security Officers from putting themselves - above reproach, filed complaint in extreme circumstances.

(Doc. 31, at 5).

## A.  **The Legal Standard**.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if, drawing all inferences in favor of

the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rohn's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a <u>genuine issue for trial</u> . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. <u>Matsushita Elec. Ind. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986)(emphasis provided).

**B.  The Exhaustion of Administrative Remedies**

    1.  <u>The Applicable law.</u>

The Defendants assert that Rohn failed to exhaust his available administrative remedies. The applicable  - and mandatory-  exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a)  Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C.A. § 1997e(a)(emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies; this requirement remains mandatory even if the ultimate

relief sought by the prisoner is not available through the administrative process. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731, (2001). Marginally relevant here is another rule -there is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)). Further, it is insufficient for a prisoner to establish that "there is no further process available to the inmate within the grievance system (which would occur if, say, an inmate fails to file an administrative appeal)...." Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir.2004). The Spruill court made plain that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Id. "[I]t is beyond the power of this court - or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted).

The Spruill court also explicitly held that the exhaustion requirement of the PLRA includes a procedural default component by analogizing it to the exhaustion doctrine - with its corollary procedural default component- in the habeas context. Spruill, 372 F.3d at 228-229. Having concluded that the PLRA includes a procedural default component, the Court stated that

"prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231. Therefore, if a prisoner has failed to pursue a grievance through the final stage of review, then the claim is procedurally defaulted for purposes of §1997(e)(a).

### 2. The Analysis

The Defendants argue that the grievances Rohn filed were not pursued through all levels of administrative review; Rohn concedes the point. That said, the Pennsylvania Department of Corrections Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: the initial grievance submitted to the Facility Grievance Coordinator, an intermediate level of appeal to the Facility Manager, and a final level of appeal to the Secretary's Office of Inmate Grievances and Appeals. See Commonwealth of Pennsylvania, DOC, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. See also Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir.2000) (outlining the grievance review process).

Here, Rohn readily admits that he failed to exhaust the available administrative remedies. He argues, however, that he was threatened in some manner after filing his second grievance and chose not to pursue an appeal. His argument fails for two reasons. First, even if Rohn was threatened after filing his second grievance, he has not addressed his failure to comply with

the grievance procedure as it relates to his first grievance, which, parenthetically, constitutes a separate default. <u>Spruill</u>, <u>supra</u>. Second, Rohn has not presented any evidence which shows that SCI-Fayette personnel hindered his ability to file a grievance or to otherwise pursue his grievances to final review. Unsupported allegations of fear are insufficient to defeat the Defendants' well-pled motion for summary judgment – especially because "it is beyond the power of this court . . . to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." <u>Nyhuis</u>, 204 F.3d at 73. Because Rohn has clearly failed to exhaust his administrative remedies, the Defendants' Motion for Summary Judgment (Doc. 26) should be granted, and the Plaintiff's own Motion for Summary Judgment (Doc. 21) should be denied.

### III. **CONCLUSION**

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Plaintiff's Motion for Summary Judgment (Doc. 22) be denied and that Defendants' Motion for Summary Judgment (Doc. 26) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 21, 2007. Responses to objections are due by March 2, 2007.

February 5, 2007              _Francis X. Caiazza_
                                  Francis X. Caiazza
                                  United States Magistrate Judge

cc: Jamod-Khalil Rohn
    694904-EA4792
    P.O. Box 9999
    SCI Fayette
    LaBelle, PA 15450-0999

    Counsel of record.